1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

DANIEL MACIO SAUNDERS,

CASE NO. C10-1456-RSM

11

Plaintiff,

ORDER GRANTING KING
COUNTY DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

12

v.

13

KING COUNTY, et al., PROSECUTING
ATTORNEY DANIEL T.

14

SATTERBERG, ESQ., and JOHN AND
JANE DOE DEPUTY PROSECUTING

15

ATTORNEYS, and;

16

THE CITY OF SEATTLE, a Municipal
Corporation, et al, CHIEF OF POLICE

17

JOHN DIAZ, and JOHN/JANE DOE
POLICE OFFICERS, et al.,

18

Defendants.

19

20

## I. INTRODUCTION

21

This matter comes before the Court upon King County Defendants' Motion for Summary

22

Judgment (Dkt. #14).  For the reasons set forth below, King County's motion is GRANTED.

23

24

## II. BACKGROUND

On June 6, 2009, plaintiff Daniel Saunders broke through a window of the Unity Church of God in Christ in Seattle.  Dkt. #16, Ex. 1 (Certification for Determination of Probable Cause). When police officers arrived at the scene, they observed extensive damage to the church, including destroyed paintings and a shattered trophy case.  *Id.*  Mr. Saunders' blood was also throughout the church, causing a biohazard.  *Id.*  Mr. Saunders was found outside of the church, nude, holding a license plate.  *Id.* The license plate belonged to a nearby parked truck that was also covered in blood.  Mr. Saunders was arrested at approximately 4:30 a.m. that morning.  Dkt. #20, Ex. A.

Following his arrest, Mr. Saunders was taken to Harborview Medical Center ("HMC") for treatment of his wounds.  Dkt. #20, Ex. C.  At 3:05 p.m. on June 6, 2009 Mr. Saunders was booked at King County Jail.  Dkt. #20, Ex. B.

A probable cause hearing regarding Mr. Saunders' arrest was held before the Honorable Arthur Chapman on June 8, 2009, at 2:30 p.m.  Dkt. #20, Ex. E.  Mr. Saunders was present at the hearing and was represented by counsel, Leona Thomas.  *Id.*  At this hearing, probable cause for Mr. Saunders' arrest was found and bail was set at $10,000.  *Id.;* Dkt. #20, Ex. G. Mr. Saunders was directed to appear for a hearing on June 10, 2009 at 2:30 p.m.  Dkt. #20, Ex. F.  Neither Mr. Saunders nor Ms. Thomas objected during the hearing that the hearing on probable cause had been untimely.  Dkt. #20, Ex. G.

Pursuant to Washington State Superior Court Rule ("CrR") 3.2.1(f)(1), the prosecutor's office was required to charge Mr. Saunders within 72 hours after booking (excluding weekends). If Mr. Saunders was not charged during this time period, he would be released from custody. According to a declaration filed by Cindi Port, a Senior Deputy Prosecuting Attorney with the

1  Criminal Division of the King County Prosecuting Attorneys Office ("KCPAO"), it was Ms.

2  Port's intention to file charges against Mr. Saunders within the 72-hour time period.  Dkt. #16 at

3  ¶ 5.  However, due to a cascading set of events and "time pressures", Ms. Port's staff forgot to

4  notify the Record Unit that the case was going to be filed.  *Id.*  As a result, during the Second

5  Appearance calendar at 2:30 p.m. on June 10, the Record Unit notified the court that the KCPAO

6  would not be filing charges against Mr. Saunders at that time.  *Id.*  The Court signed an order of

7  release and Mr. Saunders was released from custody at 5:59 p.m.  *Id.*

8       At approximately the same time that the First/Second Appearance Calendar was being

9  held in the jail, Ms. Port and/or her staff were filing charges against Mr. Saunders.  The KCPAO

10 provided Judge Sharon Armstrong with (1) an Information charging Mr. Saunders with two

11 felonies; (2) Seattle Police Department ("SPD") Detective Well's Certification for Determination

12 of Probable Cause; (3) the Prosecuting Attorney's Case Summary and Request for Bail and/or

13 Conditions of Release; and (4) a Motion, Finding of Probable Cause and Order Directing

14 Issuance of Summons or Warrant and Fixing Bail.  Dkt. #16, Ex. 1 & 2.  Judge Armstrong found

15 that probable cause existed to believe that Mr. Saunders had committed the offenses charged in

16 the information provided by the KCPAO.  Dkt. #16, Ex. 2.  She ordered that Mr. Saunders' bail

17 be set at $25,000; that the clerk of the court issue a summons or warrant of arrest for Mr.

18 Saunders; and that Mr. Saunders be advised of the amount of bail fixed by the court and/or the

19 conditions of his release, and of his right to request a bail reduction.  *Id.*

20      The documents, including the court's order, were filed with the Court at 4:16 p.m. on

21 June 10, 2009.  However, because the King County Sherriff's Office takes some time to process

22 warrants, no warrant had yet appeared on the Jail's computer system at 5:59 p.m., when Mr.

23 Saunders was released from custody.  Dkt. #16 at ¶ 6.  The following day, the Filing Unit of the

24

ORDER GRANTING KING COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3

1  KCPAO discovered that Mr. Saunders had been released from jail. *Id.* at ¶ 7.  SPD was informed

2  about the release and told by the KCPAO that there was a valid warrant outstanding for Mr.

3  Saunders' arrest.  *Id.*

4         According to Plaintiff's complaint, on June 11, 2009, Mr. Saunders went to the evidence

5  division of the SPD to retrieve belongings that had been taken from him after his arrest and

6  detention. Dkt. #1-1 at ¶ 16.  After arriving at the evidence unit and holding the door open for

7  three SPD officers, Mr. Saunders was seized by the officers.  *Id.* at ¶ 17.  An altercation ensued

8  in which Mr. Saunders allegedly sustained serious injuries at the hands of the officers.  *Id.* at ¶¶

9  19-20.

10         Mr. Saunders brings claims against the King County Defendants for Intentional Infliction

11  of Emotional Distress, Assault and Battery, False Arrest, Malicious Prosecution, Negligent

12  Infliction of Emotional Distress, and civil rights violations under 42 U.S.C. § 1982.  *Id.* at ¶¶ 27-

13  46.  The King County Defendants move for summary judgment on the basis that they are not

14  liable for Plaintiff's altercation with the SPD, their clerical errors leading to the temporary

15  release of Mr. Saunders did not violate Mr. Saunders' constitutional rights, and on other grounds.

## III. DISCUSSION

### A. Standard of Review

18         Summary judgment is appropriate where "the pleadings, the discovery and disclosure

19  materials on file, and any affidavits show that there is no genuine issue as to any material fact

20  and that the movant is entitled to judgment as a matter of law."  FRCP 56(c); *Anderson v. Liberty

21  Lobby, Inc.*, 477 U.S. 242, 247 (1986).   In ruling on summary judgment, a court does not weigh

22  evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine

23  issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing O'Melveny &*

24

1 *Meyers*, 969 F.2d at 747).  Material facts are those which might affect the outcome of the suit

2 under governing law.  *Anderson,* 477 U.S. at 248.

3       The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

4 *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512

5 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential

6 element of her case with respect to which she has the burden of proof" to survive summary

7 judgment.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Further, "[t]he mere existence of

8 a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

9 evidence on which the jury could reasonably find for the plaintiff."  *Id.*

10 **B.  Motions to Strike**

11       Defendants move to strike Plaintiff's Response brief as untimely. Plaintiff's Response to

12 King County's Motion for Summary Judgment was due December 6, 2010.  *See* Local Rule CR

13 7(d) ("Any opposition papers shall be filed and served not later than the Monday before the

14 noting date.").  Plaintiff's Response was not filed until December 8, 2010 and is therefore

15 untimely.  The Court is permitted to consider Plaintiff's failure to timely respond as an admission

16 that Defendants' Motion for Summary Judgment has merit.  *See* Local Rule CR 7(b).

17 Nonetheless, the Court will decide the Motion for Summary Judgment on the merits and will not

18 strike Plaintiff's Response.

19       Plaintiff moves to strike Defendants' Reply on the basis that Defendants incorrectly

20 stated the due date for Plaintiff's Response and that Defendants introduced new facts and raised

21 new argument in their Reply.  As to the first contention, Defendants were in fact correct:

22 Plaintiff's Response was filed late, as discussed above.  As for the second contention,

23 Defendants submitted declarations with their Reply that directly address arguments raised by

24 Plaintiff in his Response. The Court will not strike the Reply.

**C. Analysis**

   1. <u>Civil Rights Claims</u>

      Plaintiff's primary contention appears to be that his civil rights were violated because he was arrested without a warrant and did not receive a judicial determination of probable cause within 48 hours of arrest.  The Fourth Amendment requires a prompt judicial determination of probable cause following a warrantless arrest.  *See Gerstein v. Pugh,* 420 U.S. 103 (1975).  The promptness requirement of *Gerstein* is satisfied where a judicial determination of probable cause takes place within 48 hours of arrest. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 56 (1991).  CrR 3.2.1(a) provides that "[a] person who is arrested shall have a judicial determination for probable cause no later than 48 hours following the person's arrest, unless probable cause has been determined prior to such arrest."  The record shows that Mr. Saunders was arrested at approximately 4:30 a.m. on June 6, 2009.  Dkt. #20, Ex. A.  He was subsequently taken to HMC for treatment of his injuries.  Dkt. #20, Ex. C.  Upon his release from HMC, at 3:05 p.m. on June 6, Mr. Saunders was booked at King County Jail.  Dkt. #20, Ex. B.  Mr. Saunders' probable cause hearing was held before the Honorable Arthur Chapman on June 8, 2009, at 2:30 p.m – approximately 47.5 hours after his booking, and 58 hours after his arrest.  Dkt. #20, Ex. E.

      While a judicial determination of probable cause for Mr. Saunders' arrest did not take place within 48 hours of Mr. Saunders' arrest, the Court does not find that the delay was unreasonable.  *Gerstein* requires that a judicial determination of probable cause not be *unreasonably* delayed.  420 U.S. 103.  *Riverside* provides that, "as a general matter," where a determination occurs within 48 hours of arrest, the promptness requirements of *Gerstein* are fulfilled.  500 U.S. at 56.  However, just as a probable cause determination in a particular case does not "pass[] constitutional muster simply because it is provided within 48 hours," the delay of a judicial determination of probable cause is not necessarily *un*reasonable simply because the

1    determination takes place more than 48 hours after arrest.  *Id.*  Rather, "[w]here an arrested

2    individual does not receive a probable cause determination within 48 hours … the burden shifts

3    to the government to demonstrate the existence of a bona fide emergency or other extraordinary

4    circumstance." *Id.* at 57.  Here, the government has met that burden.

5         King County argues that its failure to meet the 48-hour deadline was "a result of

6    plaintiff's extensive visit to the emergency room at Harborview."  Dkt. #19 at 2, n. 1.  The record

7    clearly supports this argument.  When Officer Ornelas arrested Mr. Saunders the morning of

8    June 6, he "observed multiple deep lacerations on his arms and legs and was bleeding."  Dkt.

9    #16, Ex. 1.  Officer Balocki also observed "blood throughout, creating a biohazard situation," in

10   the church that Mr. Saunders had broken into.  *Id.*  There was also "blood inside and outside" the

11   truck from which Mr. Saunders had removed a license plate prior to his arrest.  *Id.*  Mr. Kartes'

12   police report details that "S/Saunders stated that he jumped head first into the church through the

13   glass.  There was no visible injury to his head or face; however, there was blood over various

14   parts of his entire body."  Dkt. #20, Ex. C.  Plaintiff does not dispute any of this evidence.  Delay

15   in the judicial determination of probable cause that results from the need to treat extensive self-

16   inflicted injuries following arrest is not unreasonable.  Therefore, Mr. Saunders' Fourth

17   Amendment rights were not violated by the fact that the judicial determination of probable cause

18   occurred past the 48-hour deadline.

19        The remainder of Mr. Saunders' civil rights claims are without merit.  Mr. Saunders

20   argues that he should have been present at the hearing at which charges were filed against him by

21   Ms. Port on June 10.  However, Mr. Saunders provides no authority for this argument.  Neither

22   CrR 2.1(a), nor any federal statute, rule or law, requires the defendant to be present when the

23   State presents its initial information or indictment to the Court.  *See also* Dkt. #16 at ¶ 8.

24

ORDER GRANTING KING COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 7

1    Finally, Mr. Saunders appears to argue that, because he was released from jail on June

2    10, 2009, the warrant that issued that same day as a result of Ms. Port filing charges against him

3    was somehow "nullified and void." Dkt. #18 at 10.  As a result, Mr. Saunders argues that

4    informing the SPD that a valid warrant was outstanding violated Mr. Saunders' civil rights.

5    According to Mr. Saunders' Response, "Because no information had been filed at the time of the

6    hearing, then Mr. Saunders is to be released from jail and be deemed exonerated from any/all

7    conditions of release (as was the case)." *Id.*  However, the Court finds no basis for determining

8    that the warrant was null and void.

9          The undisputed evidence demonstrates that Judge Armstrong signed an order on June 10

10   in which the Clerk of the Court was directed to issue a summons or warrant of arrest for Mr.

11   Saunders.  Dkt. #16, Ex. 2.  There is no evidence provided by either party to support the

12   conclusion that this order was revoked or overturned or rendered void.  CrR 3.2.1(f) provides

13   that "[I]f no information or indictment has been filed by the time set for release or reappearance,

14   the accused shall be immediately released from jail or deemed exonerated from all conditions of

15   release."  This rule does not provide that a defendant is exonerated of any charges filed against

16   him if no information is filed within 72 hours, as Mr. Saunders contends.   Given that there is no

17   basis for concluding that the warrant issued was invalid, Mr. Saunders suffered no civil rights

18   violation stemming from the KCPAO's notification to the SPD on June 11 that the warrant was

19   outstanding.

20         In addition, all of the actions taken by Ms. Port and the other King County prosecutors

21   were taken in their role as advocates for the State of Washington.  Prosecutors enjoy absolute

22   prosecutorial immunity for any actions taken in "initiating a prosecution and in presenting the

23   State's case." *Imbler v. Pachtman,* 424 U.S. 490, 431 (1976).  Mr. Saunders argues that the

24

ORDER GRANTING KING COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8

1   KCPAO's action in informing the SPD on June 11, 2009 that a valid warrant had been issued for

2   Mr. Saunders' arrest constitutes giving legal advice to a police officer, which is not entitled to

3   prosecutorial immunity under *Burns v. Reed,* 500 U.S. 478 (1934).  The legal advice at issue in

4   *Burns* was the prosecutor's statement to the arresting police officer there likely was probable

5   cause to arrest the petitioner.  Such advice is materially different from the prosecutor's statement

6   to the police, in this case, that a valid *warrant* had been issued for Mr. Saunders' arrest, when

7   such a warrant had in fact been issued.  In short, Plaintiff has not made a "sufficient showing on

8   an essential element of [his] case with respect to which [he] has the burden of proof" to survive

9   summary judgment on this issue.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

10       Finally, even if civil rights violations had occurred, Plaintiff's constitutional claims

11   against the King County Defendants fail to the extent that they allege that these Defendants are

12   liable for the physical and emotional damages he suffered as a result of his altercation with the

13   SPD. Plaintiff must show that the injuries he suffered resulted from the violation of a federally

14   protected right.  *See, e.g., Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997). Plaintiff

15   has not provided any evidence that would tend to show a causal link between the  King County

16   Defendants' conduct with respect to his detention and release, and the conduct of the SPD which

17   allegedly resulted in the damages he is claiming in this lawsuit.  Therefore, the evidence fails to

18   show that the alleged constitutional violations caused by the King County Defendants resulted in

19   the damages Mr. Saunders is claiming in his lawsuit.  King County Defendants' Motion for

20   Summary Judgment is GRANTED with respect to each of Mr. Saunders' claims for civil rights

21   violations.

22       2.  <u>State Law Claims</u>

23       Mr. Saunders' state causes of action are also dismissed because they relate to action for

24   which Ms. Port and Mr. Satterberg have absolute prosecutorial immunity and because Mr.

1  Saunders fails to prove the elements of his claims.  Mr. Saunders' claims for assault and battery

2  and false arrest are dismissed because he has provided no evidence that the King County

3  Defendants were involved in Mr. Saunders' arrest after his release.  Mr. Saunders' claim for

4  intentional infliction of emotional distress is dismissed because no reasonable jury could find

5  that the conduct the King County defendants engaged in, as described above and as supported by

6  the record, was "so outrageous in character, and so extreme in degree, as to go beyond all

7  possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

8  community."  *See Kloepfel v. Boker,* 149 Wn.2d 192, 196 (2003).

9         Mr. Saunders' action for malicious prosecution is also dismissed.  One of the required

10  elements to maintain a cause of action for malicious prosecution is to demonstrate "that there

11  was want of probable cause for the institution or continuation of the prosecution."  *Clark v.*

12  *Baines,* 150 Wn.2d 905, 911 (2004).  Defendants have provided ample evidence of probable

13  cause for Mr. Saunders' prosecution, none of which is in dispute.  *See* Dkt. #16, Exs. 1 & 2.

14  Finally, Mr. Saunders' claim for negligent infliction of emotional distress is dismissed because

15  the clerical errors of Ms. Port's staff, to the extent they are attributable to Mr. Saunders' injuries,

16  are not actionable under Washington law.  *See Vergeson v. Kitsap County,* 145 Wn. App. 526,

17  535 (2008).  Accordingly, King County Defendants' Motion for Summary Judgment is

18  GRANTED with respect to each of Mr. Saunders' state law claims.

19                                    **IV. CONCLUSION**

20         Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

21  and the remainder of the record, the Court hereby finds and ORDERS:

22

23

24

(1) King County Defendants' Motion for Summary Judgment (Dkt. #14) is GRANTED.

King County, Daniel T. Satterberg, Cindi Port, and John and Jane Doe Deputy

Prosecuting Attorneys are hereby dismissed from this action.

(2) The Clerk of the Court is directed to send a copy of this order to all counsel of record.


Dated March 18, 2011.



RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE