1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL MACIO SAUNDERS,<br><br>            Plaintiff,<br><br>            v.<br><br>1) KING COUNTY, PROSECUTING ATTORNEY DANIEL T. SATTERBERG ESQ., and JOHN AND JANE DOE DEPUTY PROSECUTING ATTORNEYS, and;<br><br>2) THE CITY OF SEATTLE, a Municipal Corporation, CHIEF OF POLICE JOHN DIAZ, and JOHN/JANE DOE POLICE OFFICERS.<br><br>            Defendants. | CASE NO. C10-1456-RSM<br><br>ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM |

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff's motion for appointment of a guardian *ad litem* (Dkt. #80). For the reasons set forth below, Plaintiff's motion is GRANTED.

## II. DISCUSSION

**A. Background**

This action was precipitated by an incident in which Plaintiff broke through the window of a church, destroyed paintings and shattered a trophy case, and caused such severe injury to himself that his blood, spilled throughout the church, resulted a biohazard. Dkt. #16, Ex. 1. Police found Plaintiff outside of the church, nude, holding a license plate of a nearby parked truck that was also covered in blood. Plaintiff was hospitalized and booked into jail. Following his accidental release thereafter, Plaintiff was engaged in a severe altercation with three arresting officers and required additional hospitalization. Dkt. No. 5.

Prior to and since his arrest, Mr. Saunders has been treated by various medical and mental health providers including, but not limited to, the University of Washington Medical Center, Harborview Medical Center, Sound Mental Health, Seattle Mental Health, Western State Hospital (a psychiatric hospital), and the Seattle-King County Department of Public Health (King County Jail). *Declaration of Karen L. Cobb ("Cobb Decl."), ¶ 3.* During the initial phases of this litigation, Mr. Saunders was "barely … able to maintain a functional relationship with counsel in answering questions and making decisions and scheduling and coordinating meetings and to be able to have explained to him so that he understood the facts, the law, and the nature of the case." Dkt. #80, p. 3 (motion) and Dkt. # 81, ¶ 3 (counsel's representation, signed and sworn under penalty of perjury, that statements made in Plaintiff's motion are true). More recently, Plaintiff has demonstrated a "discernibly diminished ability to be asked and answer questions and make decisions associated with preparing for and participating in a deposition." *Id.* Plaintiff's sister, Carol Barton, has purportedly also observed that Mr. Saunders' ability to respond to questions and make decisions has diminished in recent weeks. Dkt. #80, p. 4 & Dkt.

#81, ¶3. Mr. Saunders was recently hospitalized at Harborview Medical Center after being assaulted and suffered from short-term memory loss and is currently being assisted by the Brain Injury Association of Washington. Dkt. #80, p. 3-4 & Ex. A.

Mr. Saunders "needs and welcomes assistance in the form of a guardian *ad litem*" and Mr. Saunders' sister, Ms. Barton, has agreed to act as Mr. Saunders' guardian *ad litem*. Dkt. #80, p. 5 & Dkt. #81, ¶3. Defendants do not oppose Plaintiffs' motion.

**B. Appointment of Guardian *ad Litem***

"Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). The Ninth Circuit has established that "[i]f an infant or incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain v. Smallwood,* 880 F.2d 1119, 1121 (9th Cir. 1989); *Allen v. Calderon,* 408 F.3d 1150, 1153–54 (9th Cir. 2005) ("Because there was sufficient evidence of Allen's incompetence, the district court abused its discretion in dismissing the petition for failure to prosecute without first holding a competency hearing or otherwise considering his claim."). "The absence of a guardian *ad litem* in this case prejudices the ability of the court to request counsel to represent [plaintiff], puts the due process rights of [plaintiff] in jeopardy in any trial that proceeds absent such representation, and effectively precludes the possibility of a binding contract of settlement because of the incompetency of one of the parties." *United States v. 30.64 Acres of Land,* 795 F.2d at 805.

"Capacity to sue or be sued is determined ... for an individual who is not acting in a representative capacity, by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). Thus, Plaintiff's mental capacity to sue or maintain this lawsuit is controlled by the law of Plaintiff's

domicile, here Washington.  In Washington, a guardian *ad litem* should be appointed "when the court is reasonably convinced that the litigant is not competent to understand the significance of legal proceedings and the effect of such proceedings on the litigant's best interests." *Graham v. Graham,* 40 Wash.2d 64, 66-67, 240 P.2d 564 (Wash. 1952).

Here, Plaintiff consents to the appointment of a guardian *ad litem*; Plaintiff's counsel represents that such an appointment is warranted; Plaintiff's sister has agreed to serve as Plaintiff's guardian *ad litem*; and Defendants do not oppose the appointment.  Based on the facts presented and representations by Plaintiff's counsel, the Court finds that Plaintiff is not competent to understand the nature or significance of these legal proceedings and must be appointed a guardian *ad litem* to protect his interests in this litigation.  Plaintiff's sister, Carol Barton, is hereby appointed as Plaintiff's guardian *ad litem*.

## C.  Duties and responsibilities of a Guardian *ad litem*

Generally, the role of the guardian *ad litem* in a federal lawsuit is to protect the interests of the incompetent person.  Fed. R. Civ. P. 17(c).  A guardian may negotiate a proposed settlement or compromise, but the Court must conduct "its own inquiry to determine whether the settlement serves the best interests" of the plaintiff.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir.2011) (internal quotations omitted).  In reviewing a proposed settlement, a district court will consider "whether the net amount distributed to [a] minor plaintiff [or incompetent person] in the settlement is fair and reasonable, in light of the facts of the case, the minor's [or incompetent person's] specific claim, and recovery in similar cases." *Id.* at 1182. "It is the court's order approving the settlement that vests the guardian *ad litem* with the legal power to enforce the agreement." *Id.* at 1079.

Further, after appointing a guardian *ad litem,* a district court "maintains a continuing obligation to supervise the guardian *ad litem's* work."  *Neilson v. Colgate–Palmolive Co.,* 199

F.3d 642, 652 (2nd Cir. 1999) (citing *Dacanay v. Mendoza,* 573 F.2d 1075, 1079 (9th Cir. 1978); *Noe v. True*, 507 F.2d 9, 12 (6th Cir.1974)).  The district court may remove the guardian *ad litem* at any time.  *Hull by Hull v. United States,* 53 F.3d 1125, 1127 n. 1 (10th Cir. 1995) (noting that parties seeking to challenge the decisions of a guardian *ad litem* have a remedy of applying to the court to have the guardian *ad litem* removed or to have another guardian *ad litem* appointed).

## III. CONCLUSION

Having reviewed Plaintiff's motion, Defendants' response, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's unopposed motion for the appointment of a guardian *ad litem* (Dkt. #80) is hereby GRANTED.  Plaintiff's sister, Ms. Carol Barton, shall serve as Plaintiff's guardian *ad litem* in this matter as set forth above.

(2) Consistent with the Court's previous order granting Defendants' motion to compel (Dkt. #59), Plaintiff shall serve his answers and/or supplemental answers to Interrogatories No. 4, 5, 7, 9 and 17 and Request for Production No. 3 within fourteen (14) days of entry and notice of this Order.  Failure to comply with this Order will result in sanctions.

(3) The stay of all pretrial deadlines (Dkt. #72) is hereby lifted.  Many such deadlines, however, have passed or are no longer practically feasible.  Accordingly, the parties shall submit a stipulated proposed amended scheduling order to the Court within fourteen (14) days of entry and notice of this Order.  The proposed amended scheduling order shall contain a mediation deadline of no later than September 7, 2012.

//

Dated this 9th day of August 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE